WILLIAM LITTLE *v.* LEWIS O. WILSON and others.

This court (in *Amburger* v. *Marvin, ante,* p. 393,) held, that a parol contract to employ for one year, the service to commence at a future day, is void, under the statute of frauds.

If the employer receives the party into his service, after the making of such parol contract, either could terminate the relation at any time.

And upon such termination, the employer is bound to pay, and the employee is entitled to receive, a compensation for the services rendered as upon a *quantum meruit.*

THE defendants, on the first of January, agreed by parol to employ the plaintiff as a clerk, at a salary of $1,000 per annum, for one year, commencing on the first of the ensuing month, February. The plaintiff entered into their store as a clerk, and continued until June, when he was discharged. He now sought to recover for four months' salary, from June 1 to October 1, when this suit was commenced. The Marine Court dismissed the complaint. The plaintiff appealed.

*Jesse W. Benedict* and *Andrew Boardman,* for the plaintiff.

*Walter Durack,* for the defendants.

BY THE COURT. WOODRUFF, J.—We have recently held, and such is, I think, the law, that a contract to employ the plaintiff for one year, the service to commence at a future day, is void, under the statute of frauds, if not in writing. Assuming this, the defendants were not bound to employ the plaintiff at all, and if they did receive him into their service, they were at liberty to terminate the period of service when they thought proper. And, on the other hand, the plaintiff was not bound to serve, and if he chose to do so, he could discontinue such service at his pleasure. As neither party could, therefore, insist upon the contract as binding, the

plaintiff was entitled to receive, and the defendants were bound to pay, full compensation for the services actually rendered, as on a *quantum meruit*, and no more.

The proofs showed that no service was rendered after the month of May, and nothing is claimed in the complaint for services prior to the first of June.

I think, therefore, the complaint was properly dismissed, and that the judgment must be affirmed.

Judgment of nonsuit affirmed.